UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARRINGTON R PATTEN,

    Plaintiff,

v.    Case No.:   2:20-cv-605-FtM-66MRM

CHRISTINA M. LOWN,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff, Barrington R. Patten's Affidavit of Indigency which the Court construes as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 4.07.  (Doc. 4).  Also before the Court is Plaintiff's Complaint. (Doc. 1).[1]  Plaintiff seeks leave to proceed *in forma pauperis*, which is without pre-payment of fees.  The Undersigned has carefully reviewed the Complaint (Doc. 1) and the Affidavit of Indigency (Doc. 4) under 28 U.S.C. § 1915 and relevant pleading standards.  Based upon that review, the Undersigned recommends that the Court **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) and **DISMISS** this action.

As an initial matter, the Undersigned notes that Plaintiff does not provide sufficient information to allow the Court to determine whether Plaintiff is a pauper.  Specifically, Plaintiff did not submit the required AO 239 Application to Proceed in District Court Without Prepaying fees or Costs (Long Form).  While Plaintiff includes some financial information in his Affidavit

---

[1] In his Complaint, Plaintiff refers to himself as "Bazzeffanu Ah-menkizarezz ex rel. Barrington Patten," (*see* Doc. 1 at 2) but signs both the Complaint and Affidavit of Indigency as "Barrington Patten" (*see id*. at 16; *see also* Doc. 4 at 5).

of Indigency, all the information required by the Long Form is not provided. (*See* Doc. 4 at 2-5).[2]  As a result, the Court is unable to determine at this time whether Plaintiff is financially eligible to proceed *in forma pauperis*.  More important, however, is Plaintiff's deficient pleading.

## LEGAL STANDARD

When a plaintiff files an application or motion to proceed *in forma pauperis*, the Court must review the pleading and the case under 28 U.S.C. § 1915.  Upon such a review, § 1915 requires the Court to dismiss the case if the Court determines that:

> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal—
>   (i)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is considered to be "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Notably, while *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *Whitehurst v. Wal-Mart*, 306 Fed. App'x 446, 447 n.2 (11th Cir. 2008), a litigant's *pro se* status "generally will not excuse mistakes [the litigant] makes regarding procedural rules," *Mickens v. Tenth Judicial Cir.*, 181 Fed. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  This means that even *pro se* litigants must, among other things, meet minimal pleading standards and allege the essential elements of their claims for relief.  *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

As a threshold consideration, Fed. R. Civ. P. 8 requires a pleading to contain:

---

[2] United States Courts, *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*, *available at* https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or (last visited September 9, 2020).

2

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support:
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). A plaintiff's obligation to show entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the cause of action's elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007). Rather, a complaint must contain enough factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court need not accept legal conclusions or threadbare recitals of the elements of a cause of action supported by conclusory statements as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Additionally, Fed. R. Civ. P. 10 provides that in any pleading:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Meide v. Pulse Evolution*

3

*Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

Relatedly, the Eleventh Circuit has repeatedly condemned so-called "shotgun pleadings" that run afoul of Rule 8 and/or Rule 10. *See Silverthorne v. Yeaman*, 668 Fed. App'x 354, 355 (11th Cir. 2016) (citing *Weiland v. Palm Bch. Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)). Shotgun pleadings include those that:

> (1) contain multiple counts where each count adopts the allegations of all preceding counts;
> (2) do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;"
> (3) do not separate each cause of action or claim for relief into separate counts; or
> (4) contain counts that present more than one discrete claim for relief.

*Id.* (quoting *Weiland*, 792 F.3d at 1321-23); *see also Toth v. Antonacci*, No. 19-10564, 2019 WL 4926961, at *1-2 (11th Cir. Oct. 7, 2019).

## DISCUSSION

Here, Plaintiff has filed an incomprehensible and unintelligible shotgun pleading that fails to state a claim upon which the Court can grant relief. The Complaint and related exhibits span 354-pages and the pleading appears similar to so-called "sovereign citizen" pleadings that courts routinely dismiss as frivolous. *See, e.g.*, *Mitchell v. Vesely*, No. 5:17-cv-325-OC-30PRL, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017) ("While [p]laintiff does not state he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous."). For example, Plaintiff attempts to "invoke jurisdiction at law in the Court of record under the Sovereign Authority of one of the people preamble to the 1787 Constitution for the United States of America, the 1838 Constitution of florida [sic] and

4

1968 Constitution the [sic] State of Florida." (Doc. 1 at 3). Plaintiff also attaches an "Affidavit Writ of Mandamus of Reservation of Sovereign Rights" containing many of the hallmark "sovereign citizen" assertions. (*See* Doc. 1-1 at 19).

Plaintiff's Complaint also purports to invoke a myriad of claims that he fails to support and that he recites in a confusing manner, including Negligence, Default Judgment, Unjust Enrichment, Intentional Infliction of Emotional Distress, Declaratory Judgment, violations of Florida's Deceptive and Unfair Trade Practices Act, Injunctive Relief, a Temporary Injunction, and a Permanent Injunction. (Doc. 1 at 8, 9, 11, 12, 13, 14). As best the Undersigned can tell, this dispute seems to be between Plaintiff and some financial institution over allegations of improper accounting principles. (*See id*. at 3-4). Yet Plaintiff's shotgun pleading prevents the Court from conducting any meaningful review – at all – of Plaintiff's allegations and fails to state a claim whatsoever. To illustrate the confusing nature of the pleading, Plaintiff states:

> The Plaintiff has entered a complaint in the Court of record under the penalty of perjury under the laws of the united States of America 28 U.S.C. §1746(1) and from without the "United States" for remedy and relief pursuant to U.C.C. §3-305 Defense and Claims in Recoupment against Defendant. Remedy and relief of causing harm by exhibiting unjust enrichment by an intentional act pursuant to 12 U.S.C. § 1972 Banks and Banking, 31 U.S.C. Section 5103, 5118 (b), and 5119 (a).
>
> Plaintiff demanded relief to the court related to Generally accepted accounting principles (GAAP) following an accounting convention that lies at the heart of the double-entry bookkeeping system called the Matching Principle see exhibit Affidavit Todd Walker.

(Doc. 1 at 3).

As another jurist of this Court noted when reviewing Plaintiff's pleading in a different matter, "[n]ormally, the Court would provide a pro se party at least one opportunity to amend a pleading prior to dismissal. However, if a court finds that any amendment would be futile

because a more carefully crafted complaint would still not be able to state a claim, then a court may dismiss the action without affording the party an opportunity to amend." *Patten v. LaClair*, No. 2:19-cv-763-FtM-60NPM, 2019 WL 7500467, at *2 (M.D. Fla. Dec. 12, 2019) (citing *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019)) *report and recommendation adopted*, 2020 WL 94571 (M.D. Fla. Jan. 8 2020) (dismissing Plaintiff's Complaint because Complaint was "frivolous and any amendment would be futile"). Here, too, Plaintiff's Complaint is patently frivolous and any attempt at amendment would be futile. Thus, the Undersigned "recommends that the [motion for leave to proceed *in forma pauperis*] [] be denied and this action be dismissed without affording Plaintiff an opportunity to amend." *Patten*, 2019 WL 7500467, at *2 (collecting cases).

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Affidavit of Indigency (Doc. 4), construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 4.07 be **DENIED**.
2. This action be **DISMISSED**.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on September 10, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties