UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARRINGTON R. PATTEN,

    Plaintiff,

v.                                                                                  Case No: 2:20-cv-605-JLB-MRM

CHRISTINA M. LOWN,

    Defendant.
_____

## ORDER

On August 18, 2020, Plaintiff Barrington R. Patten filed this pro se complaint as "the living soul in his 'Sovereign Capacity' as one of the people of preamble to the 1787 Constitution for the United States of America." (Doc. 1 at 2.) The complaint seeks judgment "discharg[ing] alleged claims" purportedly "in relation to an instrument legal tender given [by Plaintiff] to Defendant," identified in the body of the complaint as "Navient," and cites as the legal basis for such relief, the United States' suspension of the gold standard under Pub. l. No. 73-10, 48 Stat. 112-12 (1993), various provisions of the Uniform Commercial Code ("UCC"), "generally accepted accounting principles," "12 U.S.C. § 1972 Banks and Banking," and "the Foreign Sovereign Immunities Act." (Id.)

Because he requested leave to proceed in forma pauperis (see Doc. 4 ("Affidavit of Indigency")), Plaintiff's complaint was before the Magistrate Judge for consideration pursuant to 28 U.S.C. § 1915(e). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in a non-prisoner action). Section 1915(e)

instructs courts to dismiss any action wherein it is determined that an <u>in forma pauperis</u> applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  42 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The Magistrate Judge concluded that the complaint was frivolous, and that Plaintiff had failed to state any claim upon which relief could be granted. Consequently, the Magistrate Judge recommended that the complaint be dismissed pursuant to section 1915(e)(2)(B).  (Doc. 6.)  The Magistrate Judge is spot on.

After an independent review of the record—and noting that no objections have been filed (<u>see</u> 28 U.S.C. § 636(b)(1))—the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation, including that the complaint is frivolous and any amendment would be futile.  As a result, the Court dismisses Plaintiff's complaint and strikes as procedurally improper Plaintiff's numerous documents filed after the entry of the Magistrate Judge's Report and Recommendation.

### A. The Report and Recommendation

Plaintiff's assertions necessitate a brief discussion to underscore the Magistrate Judge's wise decision to both dismiss the complaint and stave off any attempts by Plaintiff to file an amended complaint in this action.  Plaintiff's complaint, while largely unintelligible, bears all the hallmarks of what has come to be known as a "sovereign citizen" pleading.  The Eleventh Circuit has explained that "sovereign citizens" are those "who believe they are not subject to the

jurisdiction of the courts." See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013). The Sterling court further explained that "[c]ourts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." Id. (citing United States v. Benabe, 654 F.3d 753, 761–67 (7th Cir. 2011) (collecting sovereign citizen claims and characterizing them as frivolous)).

Sovereign citizens seeking to, among other things, avoid paying their financial debts typically rely on the misguided application of legal authority, like the United States' suspension of the gold standard under Public Law 73-10 and various and wholly inapplicable provisions of the UCC. See, e.g., Larkins v. Montgomery Cnty. Cir. Ct., No. 2:19-CV-281-MHT-WC, 2020 WL 2744116, at *3 (M.D. Ala. Apr. 21, 2020), report and recommendation adopted, 2020 WL 2739821 (M.D. Ala. May 26, 2020) (noting that, although the plaintiff did not specifically identify himself as a "sovereign citizen," he clearly was advancing a common sovereign citizen theory that Public Law 73-10 and the various cited provisions of the UCC "somehow allow him to satisfy his debt to Defendants by converting a demand for payment into a money order"); Young v. PNC Bank, N.A., No. 3:16cv298/RV/EMT, 2018 WL 1251920, at n.1 (N.D. Fla. Mar. 12, 2018) (noting that plaintiff did not identify himself as a sovereign citizen but his attempt to extinguish a lawful and legitimate debt under a bizarre legal theory bore the hallmarks of a sovereign citizen theory).

Like the complaint in Larkins, the complaint here is "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." Larkins, 2020 WL 2744116, at *3. (quoting Sealey v. Branch Banking & Trust Co., No. 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Apr. 21, 2019)); see also Banks v. Florida, No. 2:19-cv-756-FtM-38NPM, 2019 WL 7546620, at *2 (M.D. Fla. Dec. 17, 2019) ("Though adorned with pseudo-legalese, the complaint in this action is simply nonsensical.").

Although a district court would normally afford a pro se plaintiff at least one opportunity to amend his or her complaint, it need not do so if it finds an amendment to the existing complaint would be futile. See Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005). Here, the Court finds that the Magistrate Judge rightly precluded Plaintiff from amending his complaint because Plaintiff relies on frivolous legal theories purportedly discharging an illegal or unsupportable debt and any amendment to his complaint would be futile. See Sterling, 738 F.3d at 233 n.1 (recognizing that courts routinely reject sovereign citizen legal theories as "frivolous"); Trevino v. Florida, 687 F. App'x 861, 862 (11th Cir. 2017) (affirming district court's sua sponte dismissal of sovereign citizen's complaint as frivolous); United States v. Benabe, 654 F.3d 753, 761–67 (7th Cir. 2011) (discussing sovereign citizen arguments as having no validity in country's legal system and recommending that they be "rejected summarily, however they are presented"); Lawrence v. Holt, No. 5:18-cv-639-AKK-JHE, 2019 WL 1999783, at *2 (N.D. Ala. Apr. 12, 2019), report and recommendation adopted, 2019 WL 1989607 n.1 (N.D.

Ala. May 6, 2019) (noting the Eleventh Circuit has repeatedly rejected sovereign citizen legal theories as frivolous); Roach v. Arrisi, 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (recognizing that sovereign citizen theories have been consistently rejected by courts and describing them as "utterly frivolous," "patently ludicrous," and a waste of the court's time "being paid for by hard-earned tax dollars") (citation omitted)); see also Patten v. LaClair, No. 2:19-cv-763-FtM-60NPM, 2020 WL 94571 (M.D. Fla. Jan. 8, 2020), adopting report and recommendation, 2019 WL 7500467 (M.D. Fla. Dec. 12, 2019) (dismissing another lawsuit brought by the same Plaintiff here against a financial institution that also relied upon a sovereign citizen theory for its allegations).[1]

### B. Plaintiff's filings subsequent to the issuance of the Report and Recommendation

After the Magistrate Judge issued his Report and Recommendation, Plaintiff filed multiple motions that are currently pending in this case, including four motions for entry of default and default judgment (Docs. 7, 9, 12, 14), a "Motion to Correct Clerical Mistake" in the naming of the Defendant (Doc. 11), and a document entitled "Plaintiff's Statement of Material Facts For Motion for Summary Judgment" (Doc. 16), which is not itself a motion for summary judgment but which the Court will construe as one.

---

[1] Plaintiff has now been admonished in two separate lawsuits in this Court of the frivolousness of claims against a financial institution based on allegations rooted in a sovereign citizen theory of relief.  He is forewarned that any future lawsuit he may file that relies on the same or similar sovereign citizen theory of relief may be deemed to be filed without a good faith basis in law and would subject Plaintiff to sanctions under Federal Rule of Civil Procedure 11.

In affidavits supporting his motions for default and default judgment, Plaintiff claims Defendant received the summons and complaint "as reflected on the docket sheet by the proof of service filed on 19 August 2020." (Docs. 13, 15.) The docket does not reflect any such proof of service but instead reveals only that Plaintiff filed an unissued form summons that the Clerk of Court never signed because the Court never granted Plaintiff's IFP motion in the first place. In any event, the summons itself that Plaintiff filed does not constitute satisfactory proof of service. See Fed. R. Civ. P. 4(l) (setting forth proof of service requirements).

Until Plaintiff either pays the filing fee or is granted IFP status by the Court, the Clerk of Court cannot issue a summons under the applicable rules. If Plaintiff pays the filing fee or is granted IFP status, then the Clerk of Court would issue the summons and Plaintiff thereafter must serve that summons and the complaint on Defendant in a manner and timeframe prescribed by the Federal Rule of Civil Procedure 4. It is only after this sequence in events takes place that it could even become possible for Defendant to default. None of these requirements were done in this case. Accordingly, Plaintiff's motions for default and for summary judgment are improper and will be stricken, and his motion to correct a clerical mistake is moot.

For the foregoing reasons, it is hereby **ORDERED**:

1. The Report and Recommendation, Doc. 6, is **ADOPTED**, and Plaintiff's Affidavit of Indigency, Doc. 4, which the Court construes as a motion for

leave to proceed in forma pauperis under 28 U.S.C. § 1915 and Local Rule 4.07, is **DENIED** without prejudice.

2. Plaintiff's motions for default, Docs. 7, 9, 12, and 14, and "Plaintiff's Statement of Material Facts For Motion for Summary Judgment," Doc. 16, which the Court construes as a motion for summary judgment, are **STRICKEN**.

3. Plaintiff's "Motion to Correct Clerical Mistake," Doc. 11, is **DENIED as moot**.

4. The complaint is **DISMISSED** pursuant to 42 U.S.C. § 1915(e)(2)(B)(i) & (ii), without leave to amend, for failure to state a legally sufficient claim for relief. The Court further finds that the allegations set forth in Plaintiff's complaint are frivolous.

The Clerk of Court is **DIRECTED** to terminate any pending motions not otherwise addressed in this order, to enter judgment accordingly, and to close the file.

**ORDERED** at Fort Myers, Florida, on January 25, 2021.

*[signature: John L. Badalamenti]*

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**